**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2011

Lyle W. Cayce
Clerk

No. 10-20374
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO GARCIA GRACIA, also known as Armando Garcia, also known as
Armando Garcia Garcia, also known as Armanda Garcia-Gracia, also known as
Amando Garcia-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-657-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Armando Garcia Gracia pleaded guilty to one count of being illegally
present in the United States and received a sentence of 50 months in prison, to
be followed by a three-year term of supervised release. Garcia Gracia argues
that the written judgment conflicts with the oral statements made at sentencing
with respect to the sex offender registration requirement of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20374

We remanded the case for the limited purpose of allowing the court to clarify the discrepancies between the oral statements and the written judgment. During this remand, the court clarified the written judgment, stating that Garcia Gracia was required to register if state or federal law mandated registration and the requirements applied to Garcia Gracia. If such a registration is required, the probation officer is authorized to provide necessary information and to direct Garcia Gracia to report to the agency in charge of sex offender registration for additional processing. With this clarification, Garcia Gracia's concerns about registration being subject to the discretion of the probation officer have been resolved, and there is no longer a conflict between the oral pronouncements at sentencing and the written judgment. Accordingly, we AFFIRM the original sentence as clarified.